# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| ANNE BLOCK | : | |
|---|---|---|
| | : | CIVIL ACTION NO. 3:18-981 |
| **Plaintiff** | : | |
| | : | (MANNION, D.J.) |
| v. | : | (CARLSON, M.J.) |
| | : | |
| WASHINGTON STATE BAR ASSOCIATION, *et al.* | : | |
| | : | |
| **Defendants** | : | |

## MEMORANDUM

Presently before the court is the May 10, 2018 Report and Recommendation ("Report") of United States Magistrate Judge Martin C. Carlson. (Doc. 2). In his Report, Judge Carlson recommends that the instant action be transferred to the United States District Court for the Western District of Washington. (*Id.*). On May 25, 2018, the plaintiff filed objections to Judge Carlson's Report on the day after the deadline for filing such objections had elapsed. (Doc. 3). For the following reasons, the Report will be **ADOPTED IN ITS ENTIRETY**, and the instant action will be **TRANSFERRED** to the Western District of Washington.

As noted in Judge Carlson's Report, the plaintiff, a resident of Washington State, filed the above-captioned civil rights case against thirty-one individual and institutional defendants, all of whom appear to reside in

Washington State. (Doc. 1; Doc. 2). The plaintiff alleges violations of federal law and Washington State law arising from events that occurred in Washington State. (*Id.*). Inexplicably, however, this case was filed in this United States District Court for the Middle District of Pennsylvania, even though the plaintiff's Complaint directly states that the "acts and omissions alleged . . . occurred within the . . . boundaries of the . . . Western District of Washington by persons located and residing therein." (Doc. 1). Judge Carlson thus recommended transferring this action to the United States District Court for the Western District of Washington to preserve any substantive legal rights the plaintiff may have while ensuring those rights are adjudicated in the appropriate venue. (Doc. 2).

After the prescribed deadline, the plaintiff filed objections to Judge Carlson's Report. (Doc. 3). When objections are timely filed to the Report and Recommendation of a magistrate judge, the district court reviews *de novo* those portions of the Report to which objections are made. 28 U.S.C. §636(b)(1); *Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011). Although the standard of review is *de novo*, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the magistrate judge's recommendations to the extent it deems proper. *Rieder*

*v. Apfel*, 115 F. Supp. 2d 496, 499 (M.D. Pa. 2000) (citing *United States v. Raddatz*, 447 U.S. 667, 676 (1980)).

For those sections of the Report to which no objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes. *See also Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987) (explaining that district judges should give some review to every Report and Recommendation). Nonetheless, regardless of whether or not timely objections are made to the Report, the district court may accept, not accept, or modify in whole or in part the magistrate judge's findings or recommendations. 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b)(3).

In her objections to Judge Carlson's Report, the plaintiff first contends that a "clerical error" in her original Complaint is what prompted her erroneous statement of venue. (Doc. 3). The plaintiff then asserts that "she has exercised her right to amend the [C]omplaint to correct these errors" and that "the [A]mended [C]omplaint has added the Pennsylvania Bar Association as a defendant . . . to achieve one of the remedies requested in this suit, which is to direct the [Pennsylvania Bar Association] to allow the plaintiff to become a member of the Pennsylvania Bar in spite of her so-

called disbarment." (*Id.*). On the same day as her untimely objections to Judge Carlson's Report, the plaintiff filed an Amended Complaint that names the Pennsylvania Bar Association as both the thirty-second defendant in this case and the sole defendant in this case that is not wholly situated in Washington State. (Doc. 4).

Out of the seventy numbered paragraphs in the Amended Complaint describing the factual bases for alleged violations of federal law and Washington State law, sixty-nine paragraphs set forth facts occurring in Washington State. (*Id.*). A seventieth paragraph then asserts in a cursory and conclusory fashion that the plaintiff also "requested the right to be a Pennsylvania attorney from the Pennsylvania Bar Association . . . but was denied without due process [of law] . . . by agents of the [Pennsylvania Bar Association]." (*Id.*). It is on this basis that the plaintiff now attempts to argue, in her objections to Judge Carlson's Report, that venue is proper in the Middle District of Pennsylvania. (Doc. 3).

"A civil action may be brought," and venue is thus proper, in "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is

situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. §1391(b). These rules "govern the venue of all civil actions brought in district courts of the United States." *Id.* §1391(a)(1).

Finding that "a substantial part of the events or omissions giving rise to the claim occurred in the . . . Western District of Washington" and that "the defendants may be found in Washington [S]tate," Judge Carlson appropriately recommended transferring this action. (Doc. 2). The plaintiff's addition of the Pennsylvania Bar Association as a defendant in her Amended Complaint does not alter this outcome. (Doc. 4).

Both the plaintiff's Complaint and her Amended Complaint detail an elaborate conspiratorial scheme, allegedly taking place in Washington State and involving high-ranking officials from Washington State, to deprive the plaintiff of her license to practice law. (Doc. 3; Doc. 4). Specifically, the plaintiff claims that the Washington State Bar Association leadership conspired with members of the federal judiciary to disbar her in retaliation for her protected activities as a news journalist. (Doc. 4). The plaintiff's sole reference to her newly-added defendant, the Pennsylvania Bar Association, is appended to the very end of the plaintiff's factual allegations, and it

asserts only that the Pennsylvania Bar Association "denied" the plaintiff "the right to be a Pennsylvania attorney." (*Id.*). Every other factual allegation, however, sets forth an intricate conspiracy taking place in Washington State and bearing no connection to Pennsylvania. (*Id.*).

As noted above, when construing the plaintiff's Amended Complaint, venue is proper in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. §1391(b). The Third Circuit has further held that "in determining whether a substantial part of the events or omissions giving rise to a cause of action occurred in a specific jurisdiction, the test . . . is not the defendant's contacts with a particular district, but rather the location of those events or omissions giving rise to the claim." *Bockman v. First Am. Mktg. Corp.*, 459 F. App'x 157, 161 (3d Cir. 2012). "In assessing whether events or omissions giving rise to the claims are substantial, it is necessary to look at the nature of the dispute." *Cottman Transmission Sys., Inc. v. Martino*, 36 F.3d 291, 295 (3d Cir. 1994). The nature of this dispute is a complaint predicated on Washington State law arising from facts occurring entirely in Washington State and initiated against defendants predominantly residing in Washington State. (Doc. 4). The fact that the Pennsylvania Bar Association is located in Pennsylvania, therefore, is largely immaterial to the determination of proper

venue, as it "is not the defendant's contacts with a particular district" that matter here. *Bockman*, 459 F. A'ppx at 161. Had the plaintiff set forth factual allegations giving rise to the claim that took place in Pennsylvania, then venue might be appropriate in this district, but no such factual allegations here exist. Instead, the location of the events giving rise to the claim occurred substantially, if not wholly, in Washington State. (Doc. 1; Doc. 4). "Substantiality is intended to preserve the element of fairness so that . . . defendant[s] [are] not haled into a remote district having no real relationship to the dispute." *Martino*, 36 F.3d at 294. Considerations of fairness would not require the thirty-one Washington State defendants named in this Washington-based action to defend themselves in the Middle District of Pennsylvania.

"The district court of a district in which is filed a case laying venue in the wrong . . . district shall dismiss, or if it be in the interest of justice, transfer such case to any district . . . in which it could have been brought." 28 U.S.C. §1406(a). In this case, venue over this matter appears to lie in the United States District Court for the Western District of Washington. As such, to protect the plaintiff's rights as a *pro se* litigant, this case should be transferred to the Western District of Washington for further proceedings. Such a transfer avoids any prejudice to the plaintiff that might result from

an outright dismissal of this action on venue grounds. *See Burnett v. New York Cent. R. Co.*, 380 U.S. 424, 430 (1965). Moreover, addressing the lack of venue in this fashion would not constitute a ruling on the merits of the plaintiff's claims, assuring that the plaintiff can have her case heard on its merits in the proper forum.

The plaintiff's Complaint and her Amended Complaint both indicate that the crux of this case occurred in Washington State, and the addition of a single Pennsylvania defendant, along with a threadbare factual basis of liability, does not suffice to keep this action out of the venue in which it rightfully belongs. (Doc. 1; Doc. 4). Judge Carlson's Report will therefore be **ADOPTED IN ITS ENTIRETY**, and in the interest of justice, this case will be **TRANSFERRED** to the United States District Court for the Western District of Washington. An appropriate order shall issue.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Dated: June 20, 2018**

O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2018 MEMORANDA\18-981-01.docx